UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

YUL DAVIES,

    Petitioner,

v.

DAVE FENBY,

    Respondent,
_____/

Civil No. 2:15-CV-11651
HONORABLE MARIANNE O. BATTANI
UNITED STATES DISTRICT JUDGE

**OPINION AND ORDER DIRECTING THE CLERK OF THE COURT TO AMEND THE CASE CAPTION, GRANTING THE MOTION TO STAY, HOLDING IN ABEYANCE THE PETITION FOR WRIT OF HABEAS CORPUS, AND ADMINISTRATIVELY CLOSING THE CASE.**

Yul Davies, ("Petitioner"), presently confined at the Carson City Correctional Facility in Carson City, Michigan, filed a _pro se_ petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, in which he challenges his conviction for second-degree home invasion, M.C.L.A. 750.110a(3); and larceny in a building, M.C.L.A. 750.360.  Petitioner has filed a motion hold the petition in abeyance to permit him to return to the state courts to present additional claims that have not been exhausted with the state courts and that are not included in his current habeas petition.  For the reasons stated below, the Court orders the Clerk of the Court to amend the case caption to _Davies v. Fenby._  The Court grants the motion to stay the proceedings and holds the petition in abeyance under the terms outlined in this opinion to permit petitioner to return to the state

1

courts to exhaust his additional claims.  The Court will also administratively close the case.

## I.  Background

Petitioner was found guilty of the above offenses following a jury trial in the Wayne County Circuit Court.  Petitioner's conviction was affirmed on appeal. People v. Davies, No. 315948, 2014 WL 4087912 (Mich.Ct.App. August 19, 2014); lv. den. 862 N.W. 2d 229 (2015).

On May 4, 2015, petitioner filed a petition for writ of habeas corpus with this Court, in which he seeks relief on the four grounds that he raised on his direct appeal. [1]

Petitioner has now filed a motion to hold the petition in abeyance, so he can return to the state courts to raise additional claims which have not been exhausted with the state courts.

## II.  Discussion

**A.  The Court amends the caption to reflect the correct spelling of petitioner's last name.**

The Court notes that the current case caption spells petitioner's last name as "Davis."  Petitioner's last name, in fact, is spelled "Davies."  The Court orders the Clerk of the Court to amend the case caption to "Davies v. Fenby."

---

[1] Under the prison mailbox rule, this Court assumes that petitioner filed his habeas petition on May 4, 2015, the date that it was signed and dated. See Neal v. Bock, 137 F. Supp. 2d 879, 882, fn. 1 (E.D. Mich. 2001).

**B. The motion to stay the proceedings is granted.**

A federal district court has authority to abate or dismiss a federal habeas action pending resolution of state post-conviction proceedings. Brewer v. Johnson, 139 F. 3d 491, 493 (5th Cir. 1998). However, to stay federal proceedings and hold a habeas petition in abeyance pending resolution of state court proceedings, there must be exceptional or unusual circumstances. Sitto v. Bock, 207 F. Supp. 2d 668, 676 (E.D. Mich. 2002); Hudson v. Martin, 68 F. Supp. 2d 798, 800 (E.D. Mich. 1999).

A federal district court is authorized to stay fully exhausted federal habeas petitions pending the exhaustion of other claims in the state courts. See Nowaczyk v. Warden, New Hampshire State Prison, 299 F.3d 69, 77-79 (1st Cir. 2002)(holding that district courts should "take seriously any request for a stay."); Anthony v. Cambra, 236 F. 3d 568, 575 (9th Cir. 2000); See also Bowling v. Haeberline, 246 Fed. Appx. 303, 306 (6th Cir. 2007)(a habeas court is entitled to delay a decision in a habeas petition that contains only exhausted claims "when considerations of comity and judicial economy would be served")(quoting Nowaczyk, 299 F. 3d at 83). Indeed, although there is no bright-line rule that a district court can never dismiss a fully-exhausted habeas petition because of the pendency of unexhausted claims in state court, in order for a federal court to justify departing from the "heavy obligation to exercise jurisdiction," there must be some compelling reason to prefer a dismissal over a stay. Nowaczyk, 299 F. 3d

at 82 (internal quotation omitted); See also Bowling, 246 Fed. Appx. at 306 (district court erred in dismissing petition containing only exhausted claims, as opposed to exercising its jurisdiction over petition, merely because petitioner had independent proceeding pending in state court involving other claims).

The Court grants petitioner's motion to hold the petition in abeyance while he returns to the state courts to exhaust. The outright dismissal of the petition, albeit without prejudice, might result in preclusion of consideration of the petitioner's claims in this Court due to the expiration of the AEDPA's one year statute of limitations. See 28 U.S.C. § 2244(d)(1). The U.S. Supreme Court has suggested that a habeas petitioner who is concerned about the possible effects of his state post-conviction filings on the AEDPA's statute of limitations could file a "protective" petition in federal court, as petitioner appears to have done, and then ask for the petition to be held in abeyance pending the exhaustion of state post-conviction remedies. See Pace v. DiGuglielmo, 544 U.S. 408, 416 (2005)(citing Rhines v. Weber, 544 U.S. 269 (2005)). A federal court may stay a federal habeas petition and hold further proceedings in abeyance pending resolution of state court post-conviction proceedings, provided there is good cause for failure to exhaust claims and that the unexhausted claims are not "plainly meritless." Rhines, 544 U.S. at 278.

Petitioner's claims do not appear to be "plainly meritless." Wagner v. Smith, 581 F. 3d 410, 419 (6th Cir. 2009). Further, petitioner may assert that he did not

raise these claims in the state courts due to the ineffective assistance of appellate counsel. Id., at 419, nn. 4 and 5.  Finally, it does not appear that petitioner has engaged in "intentionally dilatory tactics."

When a district court determines that a stay is appropriate pending exhaustion of state court remedies, the district court "should place reasonable time limits on a petitioner's trip to state court and back." Rhines, 544 U.S. at 278. To ensure that petitioner does not delay in exhausting his state court remedies, the Court imposes upon petitioner time limits within which he must proceed. See Palmer v. Carlton, 276 F.3d 777, 781 (6th Cir. 2002).  Petitioner must present his claims in state court by filing a post-conviction motion for relief from judgment with the state trial court within sixty days from the date of this Order. See Id. Further, he must ask this Court to lift the stay within sixty days of exhausting his state court remedies. Id.  "If the conditions of the stay are not met, the stay may later be vacated nunc pro tunc as of the date the stay was entered, and the petition may be dismissed." Palmer, 276 F. 3d at 781 (internal quotation omitted).

The exhaustion doctrine, in the context of habeas cases, turns upon an inquiry of whether there are available state court procedures for a habeas petitioner to exhaust his claims. See Adams v. Holland, 330 F. 3d 398, 401 (6th Cir. 2003).  Petitioner has an available state court remedy with which to exhaust his claims.  Exhausting state court remedies in this case requires the filing of a post-conviction motion for relief from judgment under Michigan Court Rule 6.500,

et. seq. See Wagner, 581 F. 3d at 419. Petitioner could exhaust these claims by filing a post-conviction motion for relief from judgment with the Wayne County Circuit Court under M.C.R. 6.502. A trial court is authorized to appoint counsel for petitioner, seek a response from the prosecutor, expand the record, permit oral argument, and hold an evidentiary hearing. M.C.R. 6.505-6.507, 6.508 (B) and (C). Denial of a motion for relief from judgment is reviewable by the Michigan Court of Appeals and the Michigan Supreme Court upon the filing of an application for leave to appeal. M.C.R. 6.509; M.C.R. 7.203; M.C.R. 7.302. See Nasr v. Stegall, 978 F. Supp. 714, 717 (E.D. Mich. 1997). Petitioner, in fact, is required to appeal the denial of his post-conviction motion to the Michigan Court of Appeals and the Michigan Supreme Court in order to properly exhaust any claims that he would raise in his post-conviction motion. See e.g. Mohn v. Bock, 208 F. Supp. 2d 796, 800 (E.D. Mich. 2002).

### III. ORDER

**IT IS HEREBY ORDERED** that the Clerk of the Court amend the caption of the case to "Davies v. Fenby."

**IT IS FURTHER ORDERED** that the proceedings are **STAYED** and the Court will hold the habeas petition in abeyance. Petitioner must file a motion for relief from judgment in state court within sixty days of receipt of this order. He shall notify this Court in writing that such motion papers have been filed in state court. If he fails to file a motion or notify the Court that he has done so, the Court

will lift the stay and will reinstate the original petition for writ of habeas corpus to the Court's active docket and will proceed to adjudicate only the claims that were raised in the original petition. After petitioner fully exhausts his new claims, he shall file an amended petition that includes the new claims within sixty days after the conclusion of his state court post-conviction proceedings, along with a motion to lift the stay. Failure to do so will result in the Court lifting the stay and adjudicating the merits of the claim raised in petitioner's original habeas petition.

To avoid administrative difficulties, the Court **ORDERS** the Clerk of Court to **CLOSE** this case for statistical purposes only. Nothing in this order or in the related docket entry shall be considered a dismissal or disposition of this matter. See Sitto, 207 F. Supp. 2d at 677.

It is further **ORDERED** that upon receipt of a motion to reinstate the habeas petition following exhaustion of state remedies, the Court will order the Clerk to reopen this case for statistical purposes.

Date:   August 26, 2015                            s/Marianne O. Battani
                                                   MARIANNE O. BATTANI
                                                   United States District Judge


CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on August 26, 2015

                                                   s/ Kay Doaks
                                                   Case Manager