UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

YUL DAVIES,

    Petitioner,                                       Civil No. 2:15-CV-11651
                                                      HONORABLE MARIANNE O. BATTANI
v.                                              UNITED STATES DISTRICT JUDGE

SHANE JACKSON,

    Respondent,
_____/

**OPINION AND ORDER: (1) GRANTING MOTION TO LIFT THE STAY OF PROCEEDINGS AND ORDERING THE CLERK OF THE COURT TO REOPEN THE CASE TO THE COURT'S ACTIVE DOCKET, (2) AMENDING THE CAPTION, (3) GRANTING THE MOTION TO AMEND PETITION FOR WRIT OF HABEAS CORPUS, (4) ORDERING THAT THE ORIGINAL AND THE AMENDED PETITIONS (Dkts. # 1, # 13) BE SERVED UPON THE RESPONDENT AND THE MICHIGAN ATTORNEY GENERAL, AND (5) DIRECTING RESPONDENT TO FILE AN ANSWER AND THE RULE 5 MATERIALS IN THIS CASE**

    Yul Davies, ("Petitioner"), presently confined at the Brooks Correctional Facility in Muskegon Heights, Michigan, filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, in which he challenged his conviction for second-degree home invasion, M.C.L.A. 750.110a(3); and larceny in a building, M.C.L.A. 750.360.  This Court entered an opinion and order holding the habeas petition in abeyance to permit petitioner to return to the state courts to exhaust additional claims.  The Court also administratively closed the case. Davies v. Fenby, No. 2:15-CV-11651, 2015 WL 5042632 (E.D. Mich. Aug. 26, 2015).

Petitioner filed a motion to lift the stay and to file an amended habeas petition, which are **GRANTED**.  The Court orders the Clerk of the Court to reactive this case to the Court's active docket.  The Court amends the caption to reflect the name of petitioner's current warden, Shane Jackson.  The Clerk of the Court shall serve a copy of the petition for writ of habeas corpus and the amended petition for writ of habeas corpus upon Respondent and the Michigan Attorney General's Office by first class mail.  Respondent shall file an answer to the petition and the amended petition and the Rule 5 materials within **one hundred and eighty (180)** days of the Court's order.

Federal courts have the power to order that a habeas petition be reinstated upon timely request by a habeas petitioner, following the exhaustion of state court remedies. See e.g. Rodriguez v. Jones, 625 F. Supp. 2d 552, 559 (E.D. Mich. 2009).  Petitioner alleges that his claims have been exhausted with the state courts.  The Court orders that the original habeas petition be reopened.

The Court also orders that the caption in this case be amended to reflect that the proper respondent in this case is now Shane Jackson, the warden of the prison where petitioner is currently incarcerated. See Edwards Johns, 450 F. Supp. 2d 755, 757 (E.D. Mich. 2006); See also Rule 2(a), 28 foll. U.S.C. § 2254.

The Court grants petitioner's motion to amend his habeas petition.  Notice and substantial prejudice to the opposing party are the critical factors in determining whether an amendment to a habeas petition should be granted. Coe

v. Bell, 161 F. 3d 320, 341-342 (6th Cir. 1998). The Court permits petitioner to amend his petition, because there is no indication that allowing the amendment would cause any delay to this Court nor is there any evidence of bad faith on petitioner's part in bringing the motion to amend or prejudice to Respondent if the motion is granted. See Gillette v. Tansy, 17 F. 3d 308, 313 (10th Cir. 1994).

The Clerk of the Court shall serve a copy of the habeas petition [Dkt. # 1], a copy of the amended petition for writ of habeas corpus [Dkt. # 13], and a copy of this Order on Respondent and on the Attorney General for the State of Michigan by first class mail as provided in Rule 4 of the Rules Governing § 2254 Cases, Rule 4. See Coffee v. Harry, No. 04-71209; 2005 WL 1861943, * 2 (E.D. Mich. Aug. 2, 2005). The Respondent shall file an answer to the petition and the amended habeas petition within one hundred and eighty days of the Court's order. See Erwin v. Elo, 130 F. Supp. 2d 887, 891 (E.D. Mich. 2001); 28 U.S.C. § 2243. Respondent is also ordered to provide this Court with the Rule 5 materials at the time that it files its answer. See Griffin v. Rogers, 308 F. 3d 647, 653 (6th Cir. 2002); Rules Governing § 2254 Cases, Rule 5, 28 U.S.C. foll. § 2254.

Petitioner shall have forty five days from the receipt of the answer to file a reply brief, if he so chooses. See Rule 5(e) of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254.

## ORDER

**IT IS ORDERED THAT**:

(1) The motion to lift the stay of habeas corpus proceedings is **GRANTED.** The Clerk of the Court shall reopen the habeas petition to the Court's active docket**.**

(2) the caption of the case is amended to reflect that Shane Jackson is the proper respondent in this case.

(3) the motion to amend the petition for writ of habeas corpus is **GRANTED.**

(4) the Clerk of the Court shall serve a copy of the petition for writ of habeas corpus [Dkt. # 1], a copy of the amended petition for writ of habeas corpus [Dkt. # 13], and a copy of this Order on Respondent and the Attorney General by first class mail.

(5) Respondent shall file an answer and produce the Rule 5 materials within **one hundred and eighty (180) days** of the date of this order or show cause why they are unable to comply with the order.

(6) Petitioner shall have **forty five days** from the date that he receives the answer to file a reply brief.

Date:  August 31, 2016            s/Marianne O. Battani
                                  MARIANNE O. BATTANI
                                  United States District Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on August 31, 2016.

                                  s/ Kay Doaks
                                  Case Manager